UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:                                                          CASE NO.: 6:18-bk-04373-KSJ
                                                                Chapter 13
LESTTER D. SAMAYOA
MADELLINE R. URLA,

    Debtors.
_____/

**DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 7 OF**
**<u>SPECIALIZED LOAN SERVICING, LLC</u>**

> NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING
>
>     Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within thirty (30) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. mail.
>     If you object to the relief requested in this paper, you must file a response with the clerk of the court at 400 West Washington St., Suite 5100, Orlando, FL 32801, and serve a copy on the movant's attorney, Jeffrey S. Badgley at 801 N. Magnolia Ave., Suite 107, Orlando, FL 32803, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.
>     If you do not file a response within the time permitted, the court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

    The Debtors, LESTTER D. SAMAYOA and MADELLINE R. URLA, by and through the undersigned counsel, file this objection to claim number 7 of Specialized Loan Servicing, LLC ("Creditor"), pursuant to Section 502(b)(1) of the United States Bankruptcy Code and Rule 307 of the Federal Rules of Bankruptcy Procedure, and states as grounds:

    1.    Creditor filed a secured claim in the amount $174,293.51, for the mortgage loan on Debtors' homestead located at 2731 Dodds Lane, Kissimmee, Florida 34743.

    2.    Attached to the Proof of Claim is the Mortgage Poof of Claim Attachment

("Claim Attachment"), which sets forth the Loan Payment history from first date of default. This date is identified as January 1, 2014 ("Default Date").

3. Debtors object to the amount claimed by this creditor as due and owing on the mortgage loan balance for the reasons set forth herein.

4. The Creditor's Proof of Claim claims arrears of $45,177.39 as of July 20, 2018. However, the Claim Attachment shows a total amount past due as $43,404.72. This amount consists of the past due balance of $7,786.26, plus a negative escrow balance of $28,740.61, plus fees and charges of $6,877.85. There is no explanation for the $1,772.67 difference between the amount on the Proof of Claim and the amount on the Claim attachment.

5. Furthermore, the Claim Attachment appears to show overpayment of amounts paid to the Debtors' homeowners association ("HOA"). That HOA is actually a creditor in this case and it has filed its own proof of claim, POC No. 5. The accounting attached to that claim shows that the HOA received the amount of $18,644.76 on January 30, 2014. However, this is less than the amount shown by the Claim Statement, which states that an escrow disbursement was made in the amount of $21,517.76 on January 2, 2014. Additionally, the HOA'S POC shows payment of $6,579.15 on February 1, 2016. However, the Statement of Claim claims that Creditor paid $7,494.15, on January 20, 2016. These two discrepancies total $3,788.00.

6. Furthermore, this Creditor's Proof of Claim states that the total debt equals $174,293.51. This amount is not supported by the Statement of Claim. The principal amount due according to the Claim Attachment is $99,751.38. Even adding the arrears claimed in the Proof of Claim ($45,177.39), there is no support for this amount.

7. Creditor should not be entitled to recover more than the amounts showing in the Statement of Claim attached to its own proof of claim. Alternatively, Creditor should account for the discrepancies stated herein.

WHERFORE, Debtors, Lestter D. Samayoa and Madelline R. Urla, by and through undersigned counsel, request an order sustaining this objection, and to order such further relief as this court deems just and equitable.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing objection has been electronically filed and served to the following interested parties: Lestter Samayoa & Madelline Urla, 2731 Dodds Lane, Kissimmee, FL 34743; Specialized Loan Servicing, LLC, c/o Officer, Manager, or General Agent, 8742 Lucent Blvd., Suite 300, Highlands Ranch, CO 80129; Mukta Suri, Authorized Agent for Specialized Loan Servicing, LLC, Bonial & Associates, P.C., PO BOX 9013, Addison, TX 75001; and Laurie K. Weatherford, Chapter 13 Trustee (via CM/ECF); this 30th day of November 2018.

                                          Respectfully submitted,

                                        /s/ Jeffrey S. Badgley, Esq.
                                        JEFFREY S. BADGLEY
                                        Florida Bar No.:0599417
                                        Badgley Law Group
                                        801 N. Magnolia Ave., Suite 107
                                        Orlando, FL 32803
                                        Tel:  (407) 781-0420
                                        Attorney for Debtor(s)